FILED
2007 Jul-31 AM 11:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**ALLEN and CYNTHIA LAW,**

**Plaintiffs,**

**v.**

**ALLSTATE INSURANCE COMPANY, CAROL WILLIS and BRYANT COTTINGHAM,**

**Defendants.**

**Case No.: 2:07-CV-584-VEH**

---

**MEMORANDUM OPINION**

Before the court is the motion, filed by the Plaintiffs, to remand the above-styled action to the Circuit Court of Jefferson County. (doc. 7). For the reasons set forth herein, the motion is due to be **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This action was initiated in the Circuit Court of Jefferson County on January 2, 2007. (doc. 1, ¶ 1). In their complaint, Plaintiffs alleged that the Defendant, AllState Indemnity Company, improperly denied insurance benefits after the Plaintiffs suffered fire damage to their home.[1] (doc. 1, exh. A, pg. 23, ¶ 20).

[1] Specifically, Plaintiffs asserted counts of breach of duty of good faith and fair dealing, breach of contract, negligence, and fraud. (doc. 1, exh. A, ¶¶ 21-48).

Plaintiffs included Carol Willis and Bryant Cottingham, employees of AllState Indemnity Company, as individual Defendants. (Id., ¶¶ 3-4).

The Plaintiffs are citizens of Alabama. (Id., ¶ 1). AllState Indemnity Company is incorporated under the laws of Illinois. (Id., ¶ 2). Carol Willis and Bryant Cottingham are citizens of Alabama. (doc. 1, ¶ 5).

The Plaintiffs did not specify an amount of damages in their complaint. (doc. 1, exh. A, pp. 20-32). While the action was pending in State court, Defendants submitted to Plaintiffs a Request for Admissions that Plaintiffs "will never seek or attempt to recover from these Defendants monetary damages in this case in excess of seventy-five thousand dollars. . . ." (doc. 1, exh. A, pg. 47). Plaintiffs denied this request. (doc. 1, ¶ 8; doc. 1, exh. A, pg. 56).

Defendants thereafter removed this action to this court on the basis of diversity of citizenship. (doc. 1, ¶ 6). While the Plaintiffs and Defendants Carol Willis and Bryant Cottingham are citizens of Alabama, Defendants asserted in its notice of removal that complete diversity of citizenship exists in this action because Defendants Willis and Cottingham were fraudulently joined for the purpose of destroying diversity of citizenship. (doc. 1, ¶ 5).

The day after this action was removed to this court, Plaintiffs filed the pending motion to remand the action back to State court. (doc. 2). Plaintiffs argue that

Defendants Willis and Cottingham were not fraudulently joined to this action, and that federal jurisdiction does not exist because there is no complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1).

## II. ANALYSIS

As explained *supra*, the basis for the motion to remand is the lack of complete diversity of citizenship between the parties. (doc. 2). The court, however, need not reach this argument, or consider whether Defendants Willis and Cottingham were fraudulently joined to this action, because the court finds that remand is appropriate under the reasoning of *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

28 U.S.C. § 1446(b) provides that a defendant may remove an action from State court to federal district court within thirty days of receiving from the plaintiff "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." (Emphasis added).

In the notice of removal, Defendants asserted that they received such "other paper" from the Plaintiffs via their refusal to admit that they would never seek damages in excess of $75,000. (doc. 1, ¶ 8). Defendants offered no other basis for satisfying the amount in controversy. In *Lowery*, however, the Eleventh Circuit

instructed that the documents that purportedly establish the amount in controversy "must contain an unambiguous statement that clearly establishes federal jurisdiction." 483 F.3d at 1215 n. 63 (emphasis added). In the event that no such "unambiguous statement" is present, a district court must remand the action back to State court. *Lowery*, 483 F.3d at 1211. The court may not first compel the defendant to conduct discovery into the amount in controversy, nor may the court engage in such discovery *sua sponte*. *Id.*, 483 F.3d at 1216.

The court finds that the Plaintiffs' response to Defendants' Request for Admissions is not an "unambiguous statement" that "clearly" establishes the amount in controversy within the reasoning of *Lowery*. Defendants urge this court to assume that, solely on the basis of the Plaintiffs' refusal to admit they will *not* seek more than $75,000, Plaintiffs *will* seek to recover more than that amount. The court, however, declines to adopt this interpretation of the Plaintiffs' response. The response indicates only that the Plaintiffs *might* seek to recover in excess of $75,000; it does not unambiguously establish that they *will* seek to recover such an amount.[2]

As Defendants offer no further basis to satisfy the amount in controversy, the

[2] If the Plaintiffs had *admitted* that they *would* seek more than $75,000, the court would find that an "unambiguous statement" that "clearly" establishes the amount in controversy exists.

court cannot determine that it has subject matter jurisdiction under *Lowery*.[3] Therefore, the Plaintiffs' motion to remand this action to the Circuit Court of Jefferson County is due to be **GRANTED**. A separate Order will be entered.

**DONE** this the thirty-first day of July, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

[3] Defendants point to *Wilson v. GM Corporation*, 888 F.2d 779 (11th Cir. 1989) and *Robinson v. GE Capital Mortgage Services, Inc.*, 945 F.Supp. 1516 (M.D. Ala. 1996) for the proposition that the Plaintiffs' response to the Defendants' Request for Admissions is a sufficient basis for removal in this action. Neither case, however, supports Defendants' argument. In *Wilson*, the court held that the plaintiff's response to a request for admission, in which she admitted that a fictitious defendant did not exist, sufficiently established a basis for removal. 888 F.2d at 782. The amount in controversy was never an issue in *Wilson*. *Id.* Similar to the present action, the court in *Robinson* concluded that the plaintiffs' refusal to admit that they would not seek more than the jurisdictional minimum was sufficient to establish the amount in controversy. 945 F.Supp. at 1517. *Robinson*, which was decided before *Lowery*, is not binding authority on this court, and to the extent that *Robinson* concludes that such a response to a request for admissions "unambiguously" establishes the amount in controversy, this court is not persuaded by it.